GARY Y. LEUNG, *L.R. 83-2.4.1 leave to practice granted*
Email: leungg@sec.gov
PETER F. DEL GRECO (Cal. Bar No. 164925)
Email: delgrecop@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Lorraine Echavarria, Associate Regional Director
John W. Berry, Regional Trial Counsel
444 S. Flower Street, 9th Floor
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>vs.<br><br>NATIONWIDE AUTOMATED SYSTEMS, INC., JOEL GILLIS, and EDWARD WISHNER,<br><br>    Defendants,<br><br>and<br><br>OASIS STUDIO RENTALS, LLC, OASIS STUDIO RENTALS #2, LLC, and OASIS STUDIO RENTALS #3, LLC,<br><br>    Relief Defendants. | Case No. CV 14 07249-SJO (FFMx)<br><br>**PRELIMINARY INJUNCTION AND ORDERS (1) FREEZING ASSETS; (2) PROHIBITING THE DESTRUCTION OF DOCUMENTS; (3) REQUIRING ACCOUNTINGS; AND (4) APPOINTING A RECEIVER** |

This matter is before the Court on the Consent and Stipulation to Entry of Preliminary Injunction and Orders: (1) Freezing Assets; (2) Requiring Accountings; (3) Prohibiting the Destruction of Documents; and (4) Appointing a Permanent Receiver of Defendants Joel Gillis and Edward Wishner (collectively, "Consent and Stipulation").

The Court, having previously issued a Temporary Restraining Order and Orders: (1) Freezing Assets; (2) Prohibiting the Destruction of Documents; (3) Granting Expedited Discovery; (4) Requiring Accountings; and (5) Appointing a Temporary Receiver, and Order To Show Cause Re Preliminary Injunction and Appointment of a Permanent Receiver on September 30, 2014 ("TRO"); and having considered the SEC's Complaint, the TRO Application, the supporting Memorandum of Points and Authorities, the supporting declarations and exhibits, the other evidence and argument presented to the Court, as well as the Consent and Stipulation, finds that:

A. This Court has jurisdiction over the parties to, and the subject matter of, this action.

B. Good cause exists to believe that Defendants Joel Gillis and Nationwide Automated Systems, Inc., and each of them, have engaged in, are engaging in, and are about to engage in transactions, acts, practices and courses of business that constitute violations of Sections 5(a), 5(c) of the Securities Act of 1933 (15 U.S.C. §§ 77e(a), 77e(c)); Section 17(a) of the Securities Act (15 U.S.C. § 77q(a)); and Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)) and Rule 10b-5 thereunder (17 C.F.R. § 240.10b-5); that Defendant Edward Wishner has engaged in, is engaging in, is about to engage in, and will continue to engage in unless restrained transactions, acts, practices and courses of business that constitute violations of Section 17(a) of the Securities Act (15 U.S.C. § 77q(a)); and Section 10(b) of the Securities Exchange Act of 1934 (15

U.S.C. § 78j(b)) and Rule 10b-5 thereunder (17 C.F.R. § 240.10b-5); and that Relief Defendants Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, and Oasis Studio Rentals #3, LLC are in possession of the proceeds of those violations and have been unjustly enriched.

C. Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants may alter or destroy documents relevant to this action.

D. The SEC has demonstrated a probability of success on the merits in this action and the possibility of dissipation of assets.

E. Defendants have consented to the entry of a preliminary injunction and do not contest the appointment of a receiver during the pendency of this action.

**I.**

IT IS HEREBY ORDERED that the parties' Consent and Stipulation is GRANTED.

**II.**

IT IS FURTHER ORDERED that Defendants Nationwide Automated Systems, Inc. and Joel Gillis, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the absence of any applicable exemption:

A. unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

B. unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any

|   |   |   |
|---|---|---|
| | | means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or |
| | C. | making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the SEC as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h; |

in violation of Section 5 of the Securities Act, 15 U.S.C. § 77e.

### III.

IT IS FURTHER ORDERED that Defendants Nationwide Automated Systems, Inc., Joel Gillis, and Edward Wishner, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined, pending trial in this action, from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud; or

    B.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a)(1) and (3) of the Securities Act, 15 U.S.C. § 77q(a)(1) and (3).

### IV.

IT IS FURTHER ORDERED that Defendants Nationwide Automated Systems, Inc., Joel Gillis, and Edward Wishner, and their officers, agents, servants, employees,

attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined, pending trial in this action, from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme or artifice to defraud; or

    B.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5(a) and (c) thereunder, 17 C.F.R. § 240.10b-5(a) and (c).

## V.

IT IS FURTHER ORDERED that Defendants Nationwide Automated Systems, Inc. and Joel Gillis, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined, pending trial in this action, from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    obtaining money or property by means of untrue statements of a material fact or by omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;

in violation of Section 17(a)(2) of the Securities Act, 15 U.S.C. § 77q(a)(2).

## VI.

IT IS FURTHER ORDERED that Defendants Nationwide Automated Systems,

1  Inc. and Joel Gillis, and their officers, agents, servants, employees, attorneys,
2  subsidiaries and affiliates, and those persons in active concert or participation with
3  any of them, who receive actual notice of this Order, by personal service or
4  otherwise, and each of them, be and hereby are preliminarily restrained and enjoined,
5  pending trial in this action, from, directly or indirectly, in connection with the
6  purchase or sale of any security, by the use of any means or instrumentality of
7  interstate commerce, or of the mails, or of any facility of any national securities
8  exchange:

  making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading;

12  in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-
13  5(b) thereunder, 17 C.F.R. § 240.10b-5(b).

## VII.

  IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, and except as otherwise stated in this Order, Defendants Nationwide Automated Systems, Inc., Joel Gillis and Edward Wishner, and Relief Defendants Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, and Oasis Studio Rentals #3, LLC, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert with them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined, pending trial in this action, from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or personal property, including any notes or deeds of trust or other interest in real property, wherever located, of any one of the Defendants or Relief Defendants, or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them, and from

transferring, encumbering, dissipating, incurring charges or cash advances on any debit or credit card of the credit arrangement of any one of the Defendants or Relief Defendants, or their subsidiaries and affiliates.

## VIII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard) in all accounts at any bank, financial institution or brokerage firm, or third-party payment processor, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Defendants Nationwide Automated Systems, Inc., Joel Gillis, and Edward Wishner and/or Relief Defendants Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, and Oasis Studio Rentals #3, LLC, including but not limited to the accounts listed below:

| Account Name | Bank Name | Account Number |
|---|---|---|
| Nationwide Automated Systems, Inc. | City National Bank | xxxxx410 |
| Nationwide Automated Systems, Inc. | City National Bank | xxxxx402 |
| Nationwide Automated Systems, Inc. | City National Bank | xxxxx399 |
| Joel Gillis and Edward Wishner | City National Bank | xxxxx252 |
| Edward Wishner Company | City National Bank | xxxxx260 |
| Oasis Studio Rentals, LLC | City National Bank | xxxxx154 |
| Nationwide Automated Systems, Inc. | Grandpoint Bank | xxxxxx823 |

Any bank, financial institution or brokerage firm, or third-party payment processor holding such monies and assets described above shall hold and retain

6

within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court.

Notwithstanding anything in this Order or the TRO, Edward Wishner shall be permitted to operate the Edward Wishner Company, which is a tax consulting business, and shall be permitted to freely use any and all assets acquired and funds generated from that business subsequent to the September 30, 2014 entry of the TRO, and shall be permitted to use any new bank accounts to be opened after this Order is entered.

Notwithstanding anything in this Order or the TRO, Defendants Joel Gillis and Edward Wishner shall be permitted to freely spend all funds ("New Funds") they received or will receive subsequent to the September 30, 2014 entry of the TRO that do not directly or indirectly derive from, or relate to, Defendant Nationwide Automated Systems, Inc. and/or Relief Defendants Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, and Oasis Studio Rentals #3, LLC, which funds may be deposited into new bank accounts to be opened after this Order is entered.

Notwithstanding anything in this Order or the TRO, Defendants Joel Gillis and Edward Wishner shall be permitted to freely use any debit and/or credit cards issued to them subsequent to the September 30, 2014 entry of the TRO, provided no funds in accounts tied to such debit and/or credit cards directly or indirectly derive from, or relate to, Defendant Nationwide Automated Systems, Inc. and/or Relief Defendants Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, and Oasis Studio Rentals #3, LLC.

**IX.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, each of the Defendants Nationwide Automated Systems, Inc., Joel Gillis, and Edward Wishner, and Relief Defendants Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, and Oasis Studio Rentals #3, LLC, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or

1  participation with any of them, who receive actual notice of this Order, by personal
2  service or otherwise, and each of them, be and hereby are preliminarily restrained and
3  enjoined, pending the completion of trial in this action, from, directly or indirectly:
4  destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in
5  any manner, any documents, which includes all books, records, computer programs,
6  computer files, computer printouts, contracts, emails, correspondence, memoranda,
7  brochures, or any other documents of any kind in their possession, custody or control,
8  however created, produced, or stored (manually, mechanically, electronically, or
9  otherwise), pertaining in any manner to Defendants Nationwide Automated Systems,
10 Inc., the assets of Joel Gillis, and the assets of Edward Wishner, and/or Relief
11 Defendants Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, and Oasis
12 Studio Rentals #3, LLC.

## X.

14      IT IS FURTHER ORDERED that Defendants Nationwide Automated Systems,
15 Inc., Joel Gillis, and Edward Wishner, and Relief Defendants Oasis Studio Rentals,
16 LLC, Oasis Studio Rentals #2, LLC, and Oasis Studio Rentals #3, LLC, within
17 twenty-one (21) days of the issuance of this Order, shall prepare and deliver to the
18 SEC a detailed and complete schedule of all of their personal assets, including all real
19 and personal property exceeding $5,000 in value, and all bank, securities, and other
20 accounts identified by institution, branch address and account number.  The
21 accounting shall include a description of the sources of all such assets.  Such
22 accounting shall be filed with the Court under seal in accordance with C.D. Cal. L.R.
23 79-5.1 and a copy shall be delivered to the SEC to the attention of Gary Y. Leung,
24 Trial Counsel.  After completion of the accounting, each of the Defendants and Relief
25 Defendants shall produce to the SEC at a time agreeable to the SEC, books, records
26 and other documents supporting or underlying their accounting that are reasonably
27 requested by the SEC.
28

## XI.

IT IS FURTHER ORDERED that any person who receives actual notice of this Order by personal service or otherwise, and who holds, possesses or controls assets exceeding $5,000 for the account or benefit of any one of the Defendants or Relief Defendants, shall within fifteen (15) days of receiving actual notice of this Order provide counsel for the SEC with a written statement identifying all such assets, the value of such assets, or best approximation thereof, and any account numbers or account names in which the assets are held, and provide a copy of such disclosures to counsel for the Defendant for whose benefit or account the assets were held.

## XII.

IT IS FURTHER ORDERED that William Hoffman is appointed during the pendency of this action as receiver of Defendant Nationwide Automated Systems, Inc., and its subsidiaries and affiliates, with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of Defendant Nationwide Automated Systems, Inc., and its subsidiaries and affiliates, and that such receiver is immediately authorized, empowered and directed:

    A.    to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, wherever located, of or managed by Defendant Nationwide Automated Systems, Inc. and its subsidiaries and affiliates, with full power to sue, foreclose, marshal, collect, receive, and take into possession all such property (including access to and taking custody, control, and possession of all such Defendant Nationwide Automated Systems, Inc. property, and that of its

9

1 subsidiaries and affiliates;

B. to have control of, and to be added as the sole authorized signatory for, all accounts of the entities in receivership, including all accounts at any bank, title company, escrow agent, financial institution or brokerage firm (including any futures commission merchant) which has possession, custody or control of any assets or funds of Defendant Nationwide Automated Systems, Inc., and its subsidiaries and affiliates, or which maintains accounts over which Defendant Nationwide Automated Systems, Inc., and its subsidiaries and affiliates, and/or any of its employees or agents have signatory authority;

C. to conduct such investigation and discovery as may be necessary to locate and account for all of the assets of or managed by Defendant Nationwide Automated Systems, Inc., and its subsidiaries and affiliates, and to engage and employ attorneys, accountants and other persons to assist in such investigation and discovery;

D. to take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any assets of or managed by Defendant Nationwide Automated Systems, Inc., and its subsidiaries and affiliates;

E. to make an accounting, as soon as practicable, to this Court and the SEC of the assets and financial condition of Defendant Nationwide Automated Systems, Inc., and to file the accounting with the Court and deliver copies thereof to all parties;

F. to make such payments and disbursements from the funds and assets taken into custody, control, and possession or thereafter received by him or her, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as receiver;

G. to employ attorneys, accountants, and others to investigate and, where

10

|  |  |  |
|---|---|---|
| 1 |  | appropriate, to institute, pursue, and prosecute all claims and causes of |
| 2 |  | action of whatever kind and nature which may now or hereafter exist as |
| 3 |  | a result of the activities of present or past employees or agents of |
| 4 |  | Defendant Nationwide Automated Systems, Inc., and its subsidiaries and |
| 5 |  | affiliates; and |
| 6 | H. | to have access to and monitor all mail, electronic mail, and video phone |
| 7 |  | of the entities in receivership in order to review such mail, electronic |
| 8 |  | mail, and video phone which he or she deems relates to their business |
| 9 |  | and the discharging of his or her duties as receiver. |

### XIII.

IT IS FURTHER ORDERED that Defendant Nationwide Automated Systems, Inc., its subsidiaries and affiliates, including all of the other entities in receivership, and their officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers or other property of or managed by any of the entities in receivership, shall forthwith give access to and control of such property to the receiver.

### XIV.

IT IS FURTHER ORDERED that no officer, agent, servant, employee or attorney of Defendant Nationwide Automated Systems, Inc. shall take any action or purport to take any action, in the name of or on behalf of Defendant Nationwide Automated Systems, Inc., without the written consent of the receiver or order of this Court.

### XV.

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors and all other persons or entities seeking relief of any kind, in law or in equity, from Defendant Nationwide Automated Systems, Inc., or its subsidiaries or affiliates, and all persons acting on behalf of any such investor, trust

beneficiary, note holder, creditor, claimant, lessor, consultant group or other person, including sheriffs, marshals, servants, agents, employees and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

    A.    commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the SEC or any other action by the government) against any of them;

    B.    using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of Defendant Nationwide Automated Systems, Inc., and

    C.    doing any act or thing whatsoever to interfere with taking control, possession or management by the receiver appointed hereunder of the property and assets owned, controlled or managed by or in the possession of Defendant Nationwide Automated Systems, Inc., or in any way to interfere with or harass the receiver or his or her attorneys, accountants, employees, or agents or to interfere in any manner with the discharge of the receiver's duties and responsibilities hereunder.

## XVI.

IT IS FURTHER ORDERED that Defendant Nationwide Automated Systems, Inc., and its subsidiaries, affiliates, officers, agents, servants, employees and attorneys, shall cooperate with and assist the receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the receiver or his or her attorneys, accountants, employees or agents, in the conduct of the receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the receiver of the funds, assets, collateral,

1 premises, and choses in action described above.

## XVII.

IT IS FURTHER ORDERED that Defendant Nationwide Automated Systems, Inc., and its subsidiaries and affiliates (but not Defendants Gillis and Wishner), shall pay the costs, fees and expenses of the receiver incurred in connection with the performance of his duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the receiver to assist him in carrying out his duties and obligations. All applications for costs, fees, and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as salaries, rent, and any and all other reasonable operating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.

## XVIII.

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the receiver. Except for an act of gross negligence, the receiver shall not be liable for any loss or damage incurred by any of the defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the receiver in connection with the discharge of his duties and responsibilities.

## XIX.

IT IS FURTHER ORDERED that representatives of the SEC and any other government agency are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of Defendant Nationwide Automated Systems, Inc., and the other entities in receivership, and continuing access to inspect their funds, property, assets and collateral, wherever located.

## XX.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this

action for the purpose of implementing, modifying and/or carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

Dated: October 29, 2014

_____
HON. S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

Presented by:
Gary Y. Leung
Attorney for Plaintiff
Securities and Exchange Commission