UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

| | | | |
|---|---|---|---|
| **CASE NO.:** | CV 14-07249 SJO (FFMx) | **DATE:** | November 18, 2014 |

**TITLE:** Securities and Exchange Commission v. Nationwide Automated Systems Inc., et al.

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                                Not Present
Courtroom Clerk                                                 Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**          **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                                     Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER APPROVING RECEIVER'S FIRST REPORT AND RECOMMENDATIONS** [Dkt. No. 44]

This matter is before the Court on Receiver William Hoffman's ("Receiver") First Report and Recommendations ("Report"), filed November 6, 2014. Having carefully considered the issues raised, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78. For the reasons set forth below, the Court APPROVES Receiver's First Report and Recommendations.

I.     BACKGROUND

On September 30, 2014, the Court appointed William Hoffman as the temporary receiver for Defendant Nationwide Automated Systems, Inc. ("NASI"). On October 29, 2014, the Court then appointed Mr. Hoffman as Receiver for NASI. Receiver's appointment was necessary to preserve NASI's property and to prevent the further dissipation and misappropriation of investor funds.

Receiver's First Report & Recommendations presents a summary of NASI's limited assets and of Receiver's plan for protecting these assets, recovering additional assets where possible, and maximizing the recovery for investor victims. (Report 1.) The Report explains the Receiver's process in assuming control over NASI and in accounting for NASI's ATM operations, records, frozen bank accounts, and offices. (*See generally* Report.) The Report also explains how the Receiver is communicating with NASI investors, the status of the concurrent involuntary bankruptcy petition, and some details regarding the Relief Defendants, other companies associated with Defendants Joel Gillis and Edward Wishner. (*See generally* Report.)

Finally, the Report details how the Receiver recommends continuing with the process and asks for permission to proceed. (Report 14-16.) Specifically, the Receiver requests authority to continue operating NASI's ATMs pursuant to existing agreements with servicers, authority to terminate the office lease and sell the furniture and equipment, an order deeming Relief Defendants affiliates of NASI and within the scope of the receivership estate, and approval of

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

CASE NO.:  **CV 14-07249 SJO (FFMx)**          DATE: **November 18, 2014**

Receiver's proposal to file interim reports and fee applications approximately every 90 days. (Report 15-16.)

II.     DISCUSSION

The Receiver makes several requests in the Report, and these requests are dealt with in turn.

     A.     ATM Operations

Receiver avers that NASI's ATM operations generate net revenue of approximately $90,000 to $150,000 per month. (Report 7, 15.) Receiver is in the process of collecting from vendors, including Cardtronics, National Link, and ASAI. (Report 7.) Receiver additionally has demanded documentation of a purported agreement under which National Link had deducted $25,000 from its payment. (Report 7.) Receiver asks for authority to continue operating the ATMs under the existing contracts with Servicers and ATM locations.

The Court agrees that preserving this revenue stream until it can be marketed and sold is in the best interest of NASI's investors. Accordingly, the Court grants Receiver authority to continue operating the ATMs pursuant to NASI's existing agreements.

     B.     NASI Office Lease

Receiver asks permission to terminate the lease on NASI's office, return leased equipment to the lessors, and sell remaining furniture and equipment. (Report 15-16.) Receiver avers that NASI's office is a small, leased office suite in a three-story building at 5000 North Parkway Calabasas in Calabasas, California. (Report 5.) Receiver states that he is able to manage the ATM operations from his offices, and that keeping the NASI offices is an unnecessary expense to the receivership estate. (Report 15.) Receiver further states that the furniture and equipment at the office is estimated to be worth less than $10,000. (Report 15.)

The Court agrees that maintaining the former NASI offices is no longer necessary, and that spending receivership funds to continue leasing the space would be unwise. Accordingly, the Court grants Receiver authority to terminate the office lease, return the leased equipment to the lessors, and sell the furniture and equipment through a licensed auctioneer experienced in selling such furniture and equipment.

     C.     Relief Defendants

Receiver avers that Defendants Gillis and Wishner caused NASI to make substantial loans to Relief Defendants Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC and Oasis Studio Rentals #3, LLC ("Relief Defendants"), of which Wishner is the registered agent. (Report 13.) The Court previously ordered Relief Defendants' assets frozen and ordered Relief Defendants to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

CASE NO.: **CV 14-07249 SJO (FFMx)**          DATE: **November 18, 2014**

disgorge the amounts they obtained from NASI.  (*See generally* Order Granting Pl.'s Ex Parte Appl. for Temporary Restraining Order ("TRO Order").)

Receiver requests that Relief Defendants be deemed affiliated with NASI and thus within the scope of the receivership in order to assist in the Receiver's investigation of Relief Defendants and to protect and secure any assets they may have.  (Report 13-14.)  Defendants Gillis and Wishner have told the Receiver that they have no objection to Relief Defendants' inclusion in the receivership as affiliates of NASI, and it does not appear that any other party has objected to the Court's actions so far with respect to Relief Defendants.  (Report 14.)

Courts "may impose receiverships in securities fraud actions to prevent further dissipation of defrauded investors' assets."  *SEC v. Wencke*, 783 F.2d 829, 836-37 n.9 (9th Cir. 1986).  "A receivership is justified where there is a need to (1) marshal and preserve assets from further misappropriation and dissipation; (2) clarify the financial affairs of an entity for the benefit of investors; (3) allow the receiver to conduct an independent investigation of claims an entity might have against former management or other parties; and/or (4) discover and assert defenses against actions brought against an entity."  *SEC v. ABS Manager, LLC*, No. 13-cv-319-GPC, 2013 WL 1164413 (S. D. Cal. Mar. 20, 2013).  The Court agrees that in this case it is appropriate for the receivership to include Relief Defendants as affiliates, given that Relief Defendants appear to have been controlled by Wishner and to have retained a substantial portion of NASI's money.  (*See* TRO Order 12.)  Accordingly, the Court deems Relief Defendants affiliates of NASI and within the existing scope of the receivership estate.

    D.    Schedule for Interim Reports and Fee Applications

Receiver proposes to file interim reports and fee applications approximately with the Court approximately every 90 days as Receiver continues to dismantle the receivership estate and evaluate the most efficient and effective method of receiving and analyzing creditor and claim information.  (*See* Report 16.)  The Court agrees that this is a reasonable timetable and approves Receiver's proposed schedule.

III.    RULING

Based on the foregoing, it is hereby ordered that Receiver's Report and Recommendations are **APPROVED**.  The Court rules as follows:

    (1)    The Receiver is granted authority to continue operating NASI's ATMs pursuant to existing agreements with the Servicers and ATM Locations.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: <u>CV 14-07249 SJO (FFMx)</u>　　　DATE: <u>November 18, 2014</u>


(2)　　The Receiver is granted authority to terminate the office lease, return the leased equipment to the lessors, and sell the furniture and equipment through a licensed auctioneer experienced in selling such furniture and equipment.

(3)　　The Court deems Relief Defendants affiliates of NASI and within the existing scope of the receivership estate.

(4)　　The Court approves Receiver's proposal to file interim reports and fee applications approximately every 90 days.

IT IS SO ORDERED.