DAVID R. ZARO (BAR NO. 124334)
TED FATES (BAR NO. 227809)
TIM C. HSU (BAR NO. 279208)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax:   (213) 620-8816
E-Mail: dzaro@allenmatkins.com
        tfates@allenmatkins.com
        thsu@allenmatkins.com

Attorneys for Receiver
WILLIAM J. HOFFMAN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE AUTOMATED SYSTEMS, INC.; JOEL GILLIS; and EDWARD WISHNER,<br><br>Defendants,<br><br>OASIS STUDIO RENTALS, LLC; OASIS STUDIO RENTALS #2, LLC; and OASIS STUDIO RENTALS #3,<br><br>Relief Defendants. | Case No. CV-14-07249-SJO (FFMx)<br><br>**NOTICE OF MOTION AND MOTION FOR RELIEF FROM ORDERS DECLINING TRANSFERS OF CLAWBACK ACTIONS**<br><br>Date:  September 14, 2015<br>Time:  10:00 a.m.<br>Ctrm:  1 - 2nd Floor<br>Judge: Hon. S. James Otero |

**TO ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that on September 14, 2015, at 10:00 a.m. in Courtroom 1 of the above-entitled Court, located at 312 North Spring Street, Los Angeles, California 90012, William Hoffman ("Receiver"), the Court-appointed permanent receiver for Defendant Nationwide Automated Systems, Inc. ("NASI"), Relief Defendants Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, and Oasis Studio Rentals #3, LLC ("Relief Defendants"), and their subsidiaries and affiliates (collectively "Receivership Entities"), will and hereby does ask the Court for relief from orders declining the transfers of certain Receiver clawback actions to this Court. To help minimize receivership expenses associated with the actions and avoid inconsistent outcomes, the Receiver requests clawback actions either be transferred to this Court or to another single District Judge and Magistrate Judge.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the documents and pleadings already on file in this action, and upon such further oral and documentary evidence as may be presented at the time of the hearing.

**Procedural Requirements:** If you oppose this Motion, you are required to file your written opposition with the Office of the Clerk, United States District Court, 312 North Spring Street, Los Angeles, California 90012 and serve the same on the undersigned not later than twenty-one (21) calendar days prior to the hearing.

IF YOU FAIL TO FILE AND SERVE A WRITTEN OPPOSITION by the above date, the Court may grant the requested relief without further notice. This Motion is made following the conference of counsel pursuant to L.R. 7-3.

Dated: August 13, 2015                ALLEN MATKINS LECK GAMBLE
                                      MALLORY & NATSIS LLP

                                      By:      /s/ Ted Fates
                                          TED FATES
                                          Attorneys for Receiver
                                          WILLIAM J. HOFFMAN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    BACKGROUND

In his Motion for Authority to Pursue Clawback Claims and Approval of Proposed Procedures ("Motion"), the Receiver proposed that all actions involving clawback claims - claims to recover profits, referral fees, and other amounts paid to investors, insiders, and other third parties ("Net Gainers") - be transferred to this Court as related actions. Dkt. No. 64, p. 5. The Receiver's goal was to reduce administrative expenses associated with clawback actions and avoid inconsistent outcomes for similarly situated Net Gainers, the majority of whom are investors who received profits from the NASI Ponzi scheme.

The background facts and legal issues involved in each clawback action will be virtually identical. Moreover, the Receiver expects there to be a number of clawback actions (they will be filed on a rolling basis as Net Gainers' time period to settle prior to litigation expires) so the expense savings of having them before one District Judge and one Magistrate Judge could be significant. For example, having one Magistrate Judge familiar with the background facts handle all settlement conferences should help in terms of scheduling and efficiency. On April 21, 2015, the Court granted the Motion and approved the Receiver's proposed procedures. Dkt. No. 72, p. 6.

On July 29, 2015, the Receiver filed the first three clawback actions against Net Gainers. C.D. Cal. Case Nos. CV 15-05737, CV 15-05747, CV 15-05755. The Receiver filed a Notice of Related Case with each Complaint. On August 6, 2015, the Court declined the transfer of the cases, leaving each case with a different, randomly-assigned District Judge and Magistrate Judge.

## II.    DISCUSSION

Under Federal Rule of Civil Procedure 60(b), the Court has discretion and various grounds to grant relief from prior orders, including:

(1) mistake, inadvertence, surprise, or excusable neglect;

…

(6) any other reason that justifies relief.

Fed. R. Civ. Proc. 60(b).

The Receiver raises the issue of transferring the clawback actions to this Court (along with Magistrate Judge Frederick Mumm) as related cases because he understood the Court's April 21, 2015 order to approve that proposal in the Motion. Accordingly, it appears the orders declining the transfers may have been entered inadvertently.

Alternatively, if the clawback actions are not transferred to this Court, it would be preferable to have them all (including actions still to be filed) assigned to a single District Judge and Magistrate Judge. If, however, the Court intentionally declined the transfers and wishes them to remain as randomly assigned, the Receiver will proceed with prosecuting them on that basis.

Dated: August 12, 2015　　　　　　　　　　ALLEN MATKINS LECK GAMBLE
　　　　　　　　　　　　　　　　　　　　　　　MALLORY & NATSIS LLP

　　　　　　　　　　　　　　　　　　　　By:　　/S/ Ted Fates
　　　　　　　　　　　　　　　　　　　　　TED FATES
　　　　　　　　　　　　　　　　　　　　　Attorneys for Receiver
　　　　　　　　　　　　　　　　　　　　　WILLIAM J. HOFFMAN