GARY Y. LEUNG, (Cal. Bar No. 302928)
Email: leungg@sec.gov
PETER F. DEL GRECO (Cal. Bar No. 164925)
Email: delgrecop@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Lorraine Echavarria, Associate Regional Director
John W. Berry, Regional Trial Counsel
444 S. Flower Street, Ste. 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

FILED
CLERK, U.S. DISTRICT COURT

August 31, 2015.

CENTRAL DISTRICT OF CALIFORNIA
BY: ____VPC____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>  vs.<br><br>NATIONWIDE AUTOMATED SYSTEMS, INC., JOEL GILLIS, and EDWARD WISHNER,<br><br>  Defendants,<br><br>  and<br><br>OASIS STUDIO RENTALS, LLC, OASIS STUDIO RENTALS #2, LLC, and OASIS STUDIO RENTALS #3, LLC,<br><br>  Relief Defendants. | Case No. CV 14-07249 SJO (FFMx)<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND ENTERING PERMANENT INJUNCTION AGAINST DEFENDANTS GILLIS AND WISHNER** |

In accordance with Rule 56 of the Federal Rules of Civil Procedure, Plaintiff Securities and Exchange Commission's ("SEC") Motion for Partial Summary Judgment Against Defendants Gillis and Wishner ("Motion") came before the Court. The Court, having considered the SECs Motion, the Memorandum of Points and Authorities, and the other documents filed in support of the Motion, finds that:

**I.**

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the SEC's Motion for Partial Summary Judgment Against Defendants Gillis and Wishner is granted.

**II.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Joel Gillis and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, in the absence of any applicable exemption:

    A.    unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    B.    unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    C.    making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the SEC as to such security, or while the registration statement is the subject of a

refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h;

in violation of Section 5 of the Securities Act, 15 U.S.C. § 77e.

**III.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants Joel Gillis and Edward Wishner, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud; or

    B.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a)(1) and (3) of the Securities Act, 15 U.S.C. § 77q(a)(1) and (3).

**IV.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants Joel Gillis and Edward Wishner, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme or artifice to defraud; or

    B.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

1 in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-
2 5(a) and (c) thereunder, 17 C.F.R. § 240.10b-5(a) and (c).

### V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Joel Gillis, and his agents, servants, employees, attorneys, and all persons in active concert or participation with him, who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

> obtaining money or property by means of untrue statements of a material fact or by omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;

in violation of Section 17(a)(2) of the Securities Act, 15 U.S.C. § 77q(a)(2).

### VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Joel Gillis, and his agents, servants, employees, attorneys, and all persons in active concert or participation with him, who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

> making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5(b) thereunder, 17 C.F.R. § 240.10b-5(b).

3

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment, and for purposes of determining additional relief in this action, including, but not limited to, any disgorgement, along with prejudgment interest, and civil penalty to be ordered against Defendants Joel Gillis and Edward Wishner.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

August 31, 2015.
Dated: ~~September~~ XX, 2015

_____
HON. S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

Presented by:
Gary Y. Leung
Attorney for Plaintiff
Securities and Exchange Commission

4

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

      U.S. SECURITIES AND EXCHANGE COMMISSION,
      444 S. Flower Street, Ste. 900, Los Angeles, California 90071
      Telephone No. (323) 965-3213; Facsimile No. (323) 965-3908.

On August 20, 2015, I caused to be served the document entitled **[PROPOSED] ORDER GRANTING PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND ENTERING PERMANENT INJUNCTION AGAINST DEFENDANTS GILLIS AND WISHNER** on all the parties to this action addressed as stated on the attached service list:

☐   **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐   **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐   **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐   **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐   **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐   **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒   **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐   **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: August 20, 2015           */s/ Gary Y. Leung*
                                              GARY Y. LEUNG

*SEC v. Nationwide Automated Systems, Inc.*
**United States District Court—Central District of California**
**Case No. 2:14-cv-07249-SJO-FFM**

**SERVICE LIST**

| | |
|---|---|
| James W. Spertus, Esq.<br>SPERTUS, LANDES & UMHOFER, LLP<br>1990 S. Bundy Drive, Suite 705<br>Los Angeles, CA 90025<br>Email: jim@spertuslaw.com | *Attorney for Defendants*<br>*JOEL GILLIS and*<br>*NATIONWIDE AUTOMATED*<br>*SYSTEMS, INC.* |
| Reuven L. Cohen, Esq.<br>Marc S. Williams, Esq.<br>DORDI WILLIAMS COHEN, LLP<br>724 S. Spring Street, Suite 903<br>Los Angeles, CA 90014<br>Email: rcohen@dordiwilliamscohen.com<br>Email: mwilliams@dordiwilliamscohen.com | *Attorneys for Defendant*<br>*EDWARD WISHNER* |
| Edward G. Fates, Esq.<br>ALLEN MATKINS LECK GAMBLE<br>MALLORY & NATSIS LLP<br>501 W. Broadway, 15th Floor<br>San Diego, CA 92101<br>Email: tfates@allenmatkins.com | *Attorney for Receiver*<br>*WILLIAM HOFFMAN* |
| Tim C. Hsu, Esq.<br>ALLEN MATKINS LECK GAMBLE<br>MALLORY & NATSIS LLP<br>515 S. Figueroa Street, 9th Floor<br>Los Angeles, CA 90071<br>Email: thsu@allenmatkins.com | *Attorney for Receiver*<br>*WILLIAM HOFFMAN* |