DAVID R. ZARO (BAR NO. 124334)
TED FATES (BAR NO. 227809)
TIM C. HSU (BAR NO. 279208)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: dzaro@allenmatkins.com
        tfates@allenmatkins.com
        thsu@allenmatkins.com

Attorneys for Receiver
WILLIAM J. HOFFMAN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE AUTOMATED SYSTEMS, INC.; JOEL GILLIS; and EDWARD WISHNER,<br><br>Defendants,<br><br>OASIS STUDIO RENTALS, LLC; OASIS STUDIO RENTALS #2, LLC; and OASIS STUDIO RENTALS #3,<br><br>Relief Defendants. | Case No. CV-14-07249-SJO (FFMx)<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER (A) CONFIRMING STATUS OF STUDIOS MAUI PRODUCTIONS, LLC DBA AKAMAI RV AS A RECEIVERSHIP ENTITY, AND (B) DIRECTING BRANSCOMBE RICHMOND TO TURN OVER ASSETS OF STUDIOS MAUI PRODUCTIONS DBA AKAMAI RV**<br><br>Date:  October 5, 2015<br>Time:  10:00 a.m.<br>Ctrm:  1 - 2nd Floor<br>Judge:  Hon. S. James Otero |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

833304.01/SD

MOTION FOR ORDER CONFIRMING
RECEIVERSHIP STATUS AND DIRECTING
RICHMOND TO TURN OVER ASSETS

**TO ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that on October 5, 2015, at 10:00 a.m. in Courtroom 1 of the above-entitled Court, located at 312 North Spring Street, Los Angeles, California 90012, William Hoffman ("Receiver"), the Court-appointed permanent receiver for Defendant Nationwide Automated Systems, Inc. ("NASI"), Relief Defendants Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, and Oasis Studio Rentals #3, LLC ("Relief Defendants"), and their subsidiaries and affiliates (collectively "Receivership Entities"), will and hereby does ask the Court for an Order (A) confirming status of Studios Maui Productions, LLC dba Akamai RV as a receivership entity, and (B) directing Branscombe Richmond to turn over to the Receiver all assets, accounts, and records of Studios Maui Productions, LLC dba Akamai RV in his possession or control.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declarations of Aaron J. Kudla and Ted Fates filed herewith, the documents and pleadings already on file in this action, and any oral and documentary evidence presented at the time of the hearing.

**Procedural Requirements:** If you oppose this Motion, you are required to file your written opposition with the Office of the Clerk, United States District Court, 312 North Spring Street, Los Angeles, California 90012 and serve the same on the undersigned not later than twenty-one (21) calendar days prior to the hearing.

IF YOU FAIL TO FILE AND SERVE A WRITTEN OPPOSITION by the above date, the Court may grant the requested relief without further notice. This Motion is made following the conference of counsel pursuant to L.R. 7-3.

Dated:  September 2, 2015

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By:       /s/ Ted Fates
TED FATES
Attorneys for Receiver
WILLIAM J. HOFFMAN

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

833304.01/SD

MOTION FOR ORDER CONFIRMING
RECEIVERSHIP STATUS AND DIRECTING
RICHMOND TO TURN OVER ASSETS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Through his investigation into Oasis Studio Rentals, LLC ("Oasis") and related entities, the Receiver learned that Defendant Edward Wishner ("Wishner") and Branscombe Richmond ("Richmond") set up a company located in Hawaii called Studios Maui Productions, LLC. Wishner has stated Studios Maui Productions operates the same trailer leasing business as Oasis, but is located in Hawaii and is managed by Richmond, who resides there. Wishner has also stated Oasis shipped two trailers from California to Hawaii to be used by Studios Maui Productions and provided funding for Studios Maui Productions to purchase a dba in Hawaii called Akamai RV and its assets (Studios Maui Productions, LLC together with Akamai RV will be referred to herein as "Studios Maui").

The Receiver issued a document subpoena to Studios Maui in March 2015 (via service on Wishner as its registered agent for service) and has made numerous attempts to contact Richmond by telephone and e-mail to secure and take control of Studios Maui and its assets. Studios Maui did not produce any documents in response to the subpoena and Richmond has largely ignored the Receiver's communications. On July 29, 2015, the Receiver's counsel sent Richmond a letter by Federal Express and e-mail demanding that he comply with the Court's Preliminary Injunction Order and turn over all assets of Studios Maui to the Receiver. The Receiver's counsel was then contacted by Federal Express and informed that Richmond returned the letter to Federal Express unopened.

At this point, it is clear (a) Studios Maui is an affiliate of Oasis and NASI by common control and influence (Wishner), common business (trailer leasing), sharing of assets (trailers), and common source of funding; (b) Studios Maui received assets and funds from Oasis, which is included in the receivership because of its affiliation with Nationwide Automated Systems, Inc. ("NASI") and the fact it received large sums from the NASI Ponzi scheme; (c) Richmond is aware of this

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

833304.01/SD

MOTION FOR ORDER CONFIRMING
RECEIVERSHIP STATUS AND DIRECTING
RICHMOND TO TURN OVER ASSETS

action, the Court's orders, and the Receiver's appointment and is choosing to ignore them; and (d) Richmond has actively avoided the Receiver's efforts to contact him.

Accordingly, the Receiver requests an order (i) confirming Studios Maui is an affiliate of NASI and Oasis and therefore included in the receivership, and (ii) directing Richmond to turn over all assets, accounts, and records of Studios Maui to the Receiver and comply with all provisions of the Court's Preliminary Injunction Order. Such relief is necessary to preserve and protect the value of Studios Maui's assets for the benefit of the investor victims of the NASI Ponzi scheme.

## II.  BACKGROUND FACTS

Oasis operated a luxury trailer leasing business which leases luxury trailers to film and television studios for use on set during production. Oasis' day-to-day leasing operations were managed by Robert Keller ("Keller"). The funding to set up Oasis, purchase trucks and trailers, and cover operating expenses of the business came from NASI. Gillis and Wishner have admitted and the Court has already determined that NASI operated a Ponzi scheme.

On June 6, 2012, Studios Maui was formed as a Hawaiian LLC, with Wishner and Richmond listed as its organizers. See Declaration of Aaron Kudla filed herewith ("Kudla Declaration"), ¶ 2, Exhibit A. Between March 2012 and February 2013, Oasis paid a total of $93,000 to Martin Percifield ("Percifield"), with the majority of the funds ($63,000) transferred to Percifield in July 2012. An e-mail message from Percifield to Wishner on July 30, 2012, shows the funds were for the purchase of Akamai RV located in Kailua, Hawaii from Percifield. *Id.* at ¶ 3, Exhibit B. The purchase price according to the e-mail was $68,000. A separate invoice dated December 30, 2013, from Nohokai Production Services to "Akamai RV Attn: Branscombe Richmond" for "Storage of Vehicle/Equipment" indicates that Studios Maui continued to operate under the dba Akamai RV after the purchase from Percifield. *Id.* at ¶ 4, Exhibit C.

1    In an interview with the Receiver's staff and counsel held on April 3, 2015,
2 Wishner stated he and Richmond set up Studios Maui as co-owners to operate a
3 luxury trailer leasing business in Hawaii.  Wishner explained that two luxury trailers
4 belonging to Oasis were shipped from California to Hawaii for use by Studios Maui.
5 Wishner also stated that Studios Maui purchased four trailers from Akamai RV,
6 which was owned by Percifield.  As Keller did for Oasis, Richmond managed the
7 day-to-day leasing operations for Studios Maui.  *Id.* at ¶ 5.  Based on the Receiver's
8 investigation to date, Oasis appears to be at least the primary, if not sole, source of
9 operating capital for Studios Maui.  *Id.* at ¶ 6.

10    In March 2015, the Receiver issued a document subpoena to Studios Maui
11 and attempted to have it served on Richmond at his address in Hawaii.  The process
12 server reported that Richmond's wife answered the door, said Richmond was out of
13 the state for a couple months, and refused to accept service of the subpoena.  The
14 Receiver then served the subpoena on Wishner as a member of Studios Maui.
15 Although Wishner provided limited information and documents regarding Studios
16 Maui during the April 3, 2015 interview, no other documents have been produced in
17 response to the subpoena.  Declaration of Ted Fates filed herewith ("Fates
18 Declaration"), ¶ 2.

19    On several occasions in May and June 2015, Aaron Kudla from the Receiver's
20 office left telephone messages for Richmond asking him to call Mr. Kudla at his
21 office number.  Although Richmond did call on two occasions and leave voicemails,
22 including once on a Saturday, Richmond did not respond to Mr. Kudla's follow up
23 calls.  In July 2015, Mr. Kudla sent an e-mail to Richmond on two separate
24 occasions requesting that he participate in a telephone call scheduled for a set date
25 and time.  Richmond did not respond to these e-mails.  Kudla Declaration, ¶ 7.

26    On July 29, 2015, the Receiver's counsel sent Richmond a letter demanding
27 he comply with the Preliminary Injunction Order and turn all assets of Studios Maui
28 over to the Receiver.  The letter was sent by e-mail and Federal Express.  The

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

833304.01/SD                    -3-

MOTION FOR ORDER CONFIRMING
RECEIVERSHIP STATUS AND DIRECTING
RICHMOND TO TURN OVER ASSETS

1  Receiver's counsel then received a call from Federal Express stating that Richmond
2  returned the letter to Federal Express unopened. Richmond has not responded to the
3  letter. Fates Declaration, ¶ 3.
4      Through his counsel, Wishner has stated that he has recently been in contact
5  with Richmond and Richmond stated that he would contact the Receiver's counsel.
6  However, Richmond has not contacted the Receiver's counsel at any time prior to or
7  since Wishner apparently spoke to him. Wishner has also stated he has no objection
8  to Studios Maui being included in the receivership. *Id.* at ¶ 4.

### III. DISCUSSION

#### A. Preliminary Injunction Order

The Court's Preliminary Injunction Order appoints William Hoffman receiver for NASI and its subsidiaries and affiliates. Dkt. No. 42, Section XII. The Court subsequently confirmed that Relief Defendants Oasis, Oasis Studio Rentals #2, LLC, and Oasis Studio Rentals #3, LLC are affiliates of NASI and therefore included in the receivership. Dkt. No. 47, p. 3.

#### B. Affiliate Status

In securities cases, affiliate status is not determined by any single factor, but Courts generally consider the nature of the relationship between entities, degree of control and influence (including common control by another company or individual), and the financial interests between the entities and individuals involved. *See SEC v. Platforms Wireless Int'l Corp*, 617 F.3d 1072, 1087 (9th Cir. 2010); *SEC v. Burns*, 816 F.2d 471, 475 (9th Cir. 1987). Control is "a question of fact which depends upon the totality of the circumstances including an appraisal of the influence upon management and policies of a corporation by the person involved." *Platforms Wireless*, 617 F.3d at 1087 (quoting *United States v. Corr*, 543 F.2d 1042, 1050 (2d Cir. 1976)).

Here, Wishner is a co-owner and co-founder of Studios Maui. Oasis, another company Wishner controlled, provided not only vehicles for Studios Maui's use, but

also funding for the purchase of Akamai RV and its assets. Based on the Receiver's investigation to date, it appears Oasis was the primary, if not sole, source of funding for forming Studios Maui, purchasing its trailers, setting up its operations, and running its business. Therefore, as he does over NASI and Oasis, Wishner has control and influence over Studios Maui and has a substantial financial interest in Studios Maui's business. Oasis was set up and operated entirely with funding from NASI and has already been determined to be an affiliate of NASI. Under these circumstances, Studios Maui should be confirmed to be an affiliate of Oasis and NASI within the scope of the receivership.

Richmond's actions in avoiding the Receiver's communications are not an indication he controls Studios Maui to the exclusion of Wishner. Rather, Richmond's actions are purely of his own accord and appear to be an attempt to convert Studios Maui's assets and business to his own. This underscores the need for immediate relief.

### C. Turnover of Studio Maui Assets

The Preliminary Injunction Order gives the Receiver full control and management authority over the entities in receivership and further provides that all "persons who are in custody, possession or control of any assets, collateral, books, records, papers or other property of or managed by any of the entities in receivership, shall forthwith give access to and control of such property to the receiver." Dkt. No. 42, Sections XII, XIII.

Here, Richmond has actively avoided the Receiver's efforts to contact him by telephone, e-mail, and mail. Richmond is no doubt aware of this case and the Court's orders and is choosing to ignore them. The Receiver is therefore unable to secure and protect Studios Maui's assets. Accordingly, Richmond should be specifically ordered to turn over all assets, accounts, and records of Studios Maui to the Receiver such that his continued failure to comply will constitute civil contempt

1  and subject him to sanctions. Such relief is necessary to secure and protect Studios
2  Maui's assets for the benefit of investor victims of the NASI Ponzi scheme.

### IV. CONCLUSION

4      For the foregoing reasons, the Receiver requests an order confirming Studios
5  Maui Productions, LLC dba Akamai RV is included in the scope of the receivership
6  and directing Richmond to immediately turn all assets, accounts, and records of
7  Studios Maui over to the Receiver.

9  Dated: September 2, 2015

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By:    /S/ TED FATES
TED FATES
Attorneys for Receiver
WILLIAM J. HOFFMAN

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

833304.01/SD  -6-

MOTION FOR ORDER CONFIRMING
RECEIVERSHIP STATUS AND DIRECTING
RICHMOND TO TURN OVER ASSETS