ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
DAVID R. ZARO (BAR NO. 124334)
TIM C. HSU (BAR NO. 279208)
865 South Figueroa Street, Suite 2800
Los Angeles, California 90017-2543
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: dzaro@allenmatkins.com
        thsu@allenmatkins.com

EDWARD G. FATES (BAR NO. 227809)
501 West Broadway, 15th Floor
San Diego, California 92101-3541
Phone: (619) 233-1155
Fax: (619) 233-1158
E-Mail: tfates@allenmatkins.com

Attorneys for Receiver
WILLIAM J. HOFFMAN

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE AUTOMATED SYSTEMS, INC.; JOEL GILLIS; and EDWARD WISHNER,<br><br>Defendants,<br><br>OASIS STUDIO RENTALS, LLC; OASIS STUDIO RENTALS #2, LLC; and OASIS STUDIO RENTALS #3, LLC<br><br>Relief Defendants. | Case No. CV-14-07249-SJO (FFMx)<br><br>**NOTICE OF MOTION AND MOTION FOR APPROVAL OF SETTLEMENT WITH SEYMOUR AND BARBARA PHILLIPS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: October 31, 2016<br>Time: 10:00 a.m.<br>Ctrm: 1 - 2nd Floor<br>Judge: Hon. S. James Otero |

**TO ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that on October 31, 2016, at 10:00 a.m. in Courtroom 1 of the above-entitled Court, located at 312 North Spring Street, Los Angeles, California 90012, William J. Hoffman of Trigild, Inc. ("Receiver"), the Court-appointed permanent receiver for Nationwide Automated Systems, Inc. ("NASI"), Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates ("Receivership Entities"), will and hereby does move the Court for an order approving a settlement agreement with Seymour and Barbara Phillips ("Motion").

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Aaron J. Kudla, the documents and pleadings already on file in this action, and upon such further oral and documentary evidence as may be presented at the time of the hearing.

**Procedural Requirements:**  If you oppose this Motion, you are required to file your written opposition with the Office of the Clerk, United States District Court, 312 North Spring Street, Los Angeles, California 90012 and serve the same on the undersigned no later than 21 calendar days prior to the hearing.

IF YOU FAIL TO FILE AND SERVE A WRITTEN OPPOSITION by the above date, the Court may grant the requested relief without further notice.

Dated:  September 28, 2016

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: */s/ Edward Fates*
EDWARD G. FATES
Attorneys for Receiver
WILLIAM J. HOFFMAN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Receiver seeks approval of a settlement with net winners Seymour and Barbara Phillips ("Phillips"). The Phillips received profits from the NASI Ponzi scheme in the total amount of $297,804.67 ("Profit Amount"). After the Receiver filed his Clawback Procedures Motion (as defined below), the Phillips contacted the Receiver, identified themselves as net winners, and stated they wanted to settle the Receiver's claims against them. The Receiver had not completed his accounting of the Phillips' transfers to and from NASI, and therefore advised the Phillips he would send them a demand letter when the accounting was completed and they could settle the claims at that time.

The Phillips did not respond, however, when the Receiver's demand letter was sent to them, so a complaint was filed against them in July 2016. After being served with the Complaint, the Phillips contacted the Receiver, reiterated their desire to settle, and explained that they did not receive the demand letter. In light of the Phillips' efforts to settle the case before the Receiver's demand was sent, the Receiver has agreed, subject to Court approval, to settle the claims against the Phillips for 70% of their Profit Amount even though they did not accept the 70% settlement offer in the 60-day time period given to all net winners. The Phillips' delay in accepting the 70% settlement offer takes this settlement outside the pre-approved settlement parameters, requiring this motion for Court approval. The Receiver believes the proposed settlement, which generates a cash recovery of $208,463.26 (70% of the Profit Amount), is fair and reasonable and in the best interests of the receivership estate, and therefore requests it be approved.

## II. BACKGROUND FACTS

On September 17, 2014, the Securities and Exchange Commission ("Commission") filed a complaint against Defendants Nationwide Automated Systems, Inc. ("NASI"), Joel Gillis and Edward Wishner ("SEC Complaint"). The

SEC alleges NASI raised money from investors by selling them Automated Teller Machines ("ATMs"), leasing the ATMs back from investors, managing the ATMs for the investors, and paying the investors "rents" that were guaranteed to total at least 20% of the purchase price paid for the ATMs per year.  In actuality, NASI did not sell any ATMs to investors, but instead fabricated and sold fictitious ATMs with fabricated serial numbers and locations.  The "rents" paid to investors who purchased fictitious ATMs, as well as referral fees paid to investors and agents, were paid from the amounts raised from other investors.

On September 30, 2014, the Court appointed the Receiver as temporary receiver over NASI, its subsidiaries and affiliates ("Receivership Entities").  Dkt. No. 17.  On October 29, 2014, the Court entered a Preliminary Injunction Order, making the Receiver's appointment permanent.  Dkt. No. 42.  Among other things, the orders "authorize[], empower[] and direct[]" the Receiver to investigate, recover, and marshal for the benefit of creditors and investors of the Receivership Entities any and all assets of the receivership estate.

On March 17, 2015, the Receiver moved for authority to pursue clawback claims against, among others, investors who profited from NASI's investment scheme ("Net Winners").  Dkt. No. 64.  The motion ("Clawback Procedures Motion") included a request that the Receiver be authorized to settle clawback claims for 70% of the net profit received by each Net Winner (or 75% if the Net Winner elects to pay in 12 monthly installments).  On April 21, 2015, the Court granted the Clawback Procedures Motion.  Dkt. No. 72.

In August 2015, the Phillips contacted the Receiver, through their attorney and accountant, and stated their wish to settle the claims against them.  The Receiver had not completed his accounting of the Phillips' transfers to and from NASI, and therefore advised the Phillips he would send them a demand letter when the accounting was completed and they could settle the claims at that time.  Declaration of Aaron J. Kudla ("Kudla Decl.") at ¶ 2.

The Receiver completed his accounting of the Phillips' transfers and determined they received transfers from the Receivership Entities in excess of any amounts paid or value provided to the Receivership Entities. The total Profit Amount paid to them is $297,804.67. Declaration of Aaron J. Kudla ("Kudla Decl.") at ¶ 3.

Pursuant to the Court's order approving the Clawback Procedures Motion (Dkt. No. 72), the Receiver mailed a demand letter to the Phillips stating their Profit Amount and giving them the option to settle the matter without litigation for 70% of the Profit Amount. The settlement had to be accepted within 60 days of the date of the letter. *Id.* at ¶ 4.

The Phillips did not respond, however, so a complaint was filed against them in July 2016. After being served with the Complaint, the Phillips contacted the Receiver, reiterated their desire to settle, and explained that they did not receive the demand letter. *Id.* at ¶ 5.

### III.  SETTLEMENT TERMS

In light of the Phillips' efforts to settle the claims against them before the Receiver's demand letter was sent, the Receiver has agreed, subject to Court approval, to settle the claims for 70% of their Profit Amount ($208,463.26) even though they did not accept the 70% settlement offer in the 60-day time period applicable to all Net Winners. The Phillips' delay in accepting the 70% settlement offer takes this settlement outside the pre-approved settlement parameters, requiring this motion for Court approval. A true and correct copy of the Settlement Agreement is attached as Exhibit A to the Kudla Decl. *Id.* at ¶ 6, Exh. A.

### IV.  DISCUSSION

A federal equity receiver's power to compromise claims is subject to court approval. As noted by the Ninth Circuit Court of Appeals in *SEC v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986), "[a] district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the

administration of the receivership is extremely broad."  With regard to settlements entered into by a federal equity receiver, the Court's supervisory role includes reviewing and approving those settlements in light of federal court policy to promote settlements before trial.  See Fed. R. Civ. P. 16(c), Advisory Committee Notes.

Federal courts of equity often look to bankruptcy law for guidance in the administration of receivership estates.  See *SEC v. Capital Consultants, LLC*, 397 F.3d 733, 745 (9th Cir. 2005); *SEC v. American Capital Investments, Inc.*, 98 F.3d 1133, 1140 (9th Cir. 1996); *SEC v. Basic Energy & Affiliated Resources*, 273 F.3d 657, 665 (6th Cir. 2001); see also Local Civil Rule 66-8 ("a receiver shall administer the estate as nearly as possible in accordance with the practice in the administration of estates in bankruptcy").  A bankruptcy court may approve a compromise of claims asserted by or against the estate if the compromise is "fair and equitable."  *Woodson v. Fireman's Fund Insurance Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988).  The approval of a proposed compromise negotiated by a court appointed fiduciary "is an exercise of discretion that should not be overturned except in cases of abuse leading to a result that is neither in the best interest of the estate nor fair and equitable for the creditors." *In re MGS Marketing*, 111 B.R. 264, 266 67 (B.A.P. 9th Cir. 1990).

The Court has great latitude in approving compromises.  In passing on the proposed compromise, the Court should consider the following:

    a.    The probability of success in litigation;

    b.    The difficulties, if any, to be encountered in the matter of collection;

    c.    The complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending; and

    d.    The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Woodson*, 839 F.2d at 620.

Here, the Phillips' desire and intention to settle the Receiver's claims against them is evident from the fact that they contacted the Receiver in advance of his demand letter being sent to them, acknowledged that they are Net Winners, and stated their intention to settle. Although they failed to accept the 70% settlement offer in the required 60-day window, the delay appears to be due to the fact that they did not receive the demand letter. The Phillips moved their residence after the demand letter was sent, so it is possible the demand letter was lost in the mail or inadvertently discarded. Kudla Decl., ¶ 7.

The Settlement Agreement generates 70 percent of the Profit Amount without any further litigation. The Phillips have wired the proposed settlement amount ($208,436.26) to the receivership bank account, which is being held by the Receiver in trust pending approval of this Motion. Under the Phillips' unique circumstances, the Receiver believes the Settlement Agreement is fair and reasonable and in the best interests of the receivership estate, and therefore asks that it be approved. *Id.* at ¶ 8.

## V.   CONCLUSION

For the foregoing reasons, the Receiver requests an order approving the Settlement Agreement.

Dated: September 28, 2016

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: */s/ Edward Fates*
EDWARD G. FATES
Attorneys for Receiver
WILLIAM J. HOFFMAN