ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
DAVID R. ZARO (BAR NO. 124334)
TIM C. HSU (BAR NO. 279208)
865 South Figueroa Street, Suite 2800
Los Angeles, California 90017-2543
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: dzaro@allenmatkins.com
        thsu@allenmatkins.com

EDWARD G. FATES (BAR NO. 227809)
501 West Broadway, 15th Floor
San Diego, California 92101-3541
Phone: (619) 233-1155
Fax: (619) 233-1158
E-Mail: tfates@allenmatkins.com

Attorneys for Receiver
WILLIAM J. HOFFMAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE AUTOMATED SYSTEMS, INC.; JOEL GILLIS; and EDWARD WISHNER,<br><br>Defendants,<br><br>OASIS STUDIO RENTALS, LLC; OASIS STUDIO RENTALS #2, LLC; and OASIS STUDIO RENTALS #3, LLC<br><br>Relief Defendants. | Case No. CV-14-07249-SJO (FFMx)<br><br>NOTICE OF MOTION AND MOTION FOR APPROVAL OF SETTLEMENT WITH RON L. MOSKOWITZ AND RLM FINANCIAL SERVICES, INC.; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date: February 13, 2017<br>Time: 10:00 a.m.<br>Ctrm: 10C, 10th Floor<br>Judge: Hon. S. James Otero |

**TO ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that on February 13, 2017, at 10:00 a.m. in Courtroom 10C of the above-entitled Court, located at 350 West 1st Street, Los Angeles, California 90012, William J. Hoffman of Trigild, Inc. ("Receiver"), the Court-appointed permanent receiver for Nationwide Automated Systems, Inc. ("NASI"), Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates ("Receivership Entities"), will and hereby does move the Court for an order approving a settlement agreement with Ron L. Moskowitz and RLM Financial Services, Inc. ("Motion").

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Aaron J. Kudla, the documents and pleadings already on file in this action, and upon such further oral and documentary evidence as may be presented at the time of the hearing.

**Procedural Requirements:**  If you oppose this Motion, you are required to file your written opposition and serve the same on the undersigned no later than 21 calendar days prior to the hearing.  If filing in paper format or exempted from electronic filing, the filing must be submitted with the Office of the Clerk, United States District Court, at 312 North Spring Street, Los Angeles, California 90012

IF YOU FAIL TO FILE AND SERVE A WRITTEN OPPOSITION by the above date, the Court may grant the requested relief without further notice.  This motion is made following conference of counsel pursuant to Local Rule 7-3.

Dated: January 13, 2017

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
DAVID R. ZARO
EDWARD G. FATES
TIM C. HSU

By:     /s/ *Tim C. Hsu*
TIM C. HSU
Attorneys for Receiver
WILLIAM J. HOFFMAN

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1065488.01/LA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

The Receiver seeks approval of a settlement with net winner Ron L. Moskowitz and his company RLM Financial Services, Inc.  Including funds paid to his company, Mr. Moskowitz directly and indirectly received profits from the NASI Ponzi scheme in the total amount of $189,279.33, but has requested and submitted an application for a reduced settlement on the basis of financial hardship.

The Receiver has reviewed the financial hardship application submitted by Mr. Moskowitz, which reveals that he is unable to pay the full amount of profits he received and has limited income and assets such that an reduced settlement on the basis of hardship is warranted.  The parties have since negotiated terms and entered into a settlement agreement, subject to Court approval, pursuant to which Mr. Moskowitz will pay $15,000.00 to the receivership.  The Receiver believes the proposed settlement, which generates an immediate cash recovery for the receivership of $15,000.00, is in the best interests of the receivership estate, and therefore requests the settlement be approved.

### II.  BACKGROUND FACTS

**A.  The Receiver's Appointment And Authority To Pursue Net Winners.**

On September 17, 2014, the Securities and Exchange Commission ("Commission") filed a complaint against Defendants Nationwide Automated Systems, Inc. ("NASI"), Joel Gillis and Edward Wishner ("SEC Complaint").  The SEC alleges NASI raised money from investors by selling them Automated Teller Machines ("ATMs"), leasing the ATMs back from investors, managing the ATMs for the investors, and paying the investors "rents" that were guaranteed to total at least 20% of the purchase price paid for the ATMs per year.  Dkt. No. 3.  In actuality, NASI did not sell any ATMs to investors, but instead fabricated and sold fictitious ATMs with fabricated serial numbers and locations.  *Id.*  The "rents" paid

to investors who purchased fictitious ATMs, as well as referral fees paid to investors and agents, were paid from the amounts raised from other investors. *Id.*

On September 30, 2014, the Court appointed the Receiver as temporary receiver over NASI, its subsidiaries and affiliates ("Receivership Entities"). Dkt. No. 17. On October 29, 2014, the Court entered a Preliminary Injunction Order, making the Receiver's appointment permanent. Dkt. No. 42. Among other things, the orders "authorize[], empower[] and direct[]" the Receiver to investigate, recover, and marshal for the benefit of creditors and investors of the Receivership Entities any and all assets of the receivership estate. *Id.*

On March 17, 2015, the Receiver moved for authority to pursue clawback claims against, among others, investors who profited from NASI's investment scheme ("Net Winners"). Dkt. No. 64. The motion ("Clawback Procedures Motion") included a request that the Receiver be authorized to settle clawback claims for 70% of the net profit received by each Net Winner (or 75% if the Net Winner elects to pay in 12 monthly installments). *Id.* On April 21, 2015, the Court granted the Clawback Procedures Motion. Dkt. No. 72.

**B.     The Hardship Application And Settlement Terms.**

The Receiver completed his accounting of Mr. Moskowitz's transfers and determined he received transfers from the Receivership Entities in excess of any amounts paid or value provided to the Receivership Entities. Declaration of Aaron J. Kudla ("Kudla Decl.") at ¶ 2. The total amount of net profit paid to Mr. Moskowitz is $189,279.33. *Id.*

Pursuant to the Court's order approving the Clawback Procedures Motion, the Receiver mailed a demand letter on June 28, 2016 to Mr. Moskowitz stating his amount of profit and giving him the option to settle the matter without litigation for 70% of that amount. *Id.* at ¶ 3. Mr. Moskowitz did not accept the offer and the Receiver filed a complaint against Mr. Moskowitz and his company on September 1, 2016 seeking disgorgement of the net profit he received. *Id.*

After the Receiver's complaint was filed, Mr. Moskowitz, through his retained counsel, indicated his wish to settle the claims against him and his company on the basis of a financial hardship. *Id.* at ¶ 4. Mr. Moskowitz submitted his financial hardship application along with extensive financial documentation demonstrating his limited net worth, assets, and income, and requested the Receiver review his financial condition to determine if an exception to the Court-approved settlement parameters was warranted. *Id.* at ¶ 5. As reflected in the records submitted, Mr. Moskowitz is unable to work, has very limited income derived almost exclusively from rental income earned on property that has since been sold, and his net monthly income is negative. *Id.* at ¶ 5. He also has almost no assets of any value other than proceeds received recently from the sale of his property. *Id.*

Based on the above, and after weighing the anticipated costs associated with pursuing the pending action to judgment and seeking collection—which may not yield more net benefit to the estate than the amount Mr. Moskowitz will pay pursuant to the terms of his settlement—the Receiver determined that a reduced settlement with Mr. Moskowitz is appropriate given his negative monthly income and his limited net worth and assets. *Id.* at ¶ 6.

Accordingly, the Receiver and Mr. Moskowitz, through their respective counsel, negotiated and entered into a settlement agreement ("Settlement Agreement"), subject to Court approval, pursuant to which Mr. Moskowitz agrees to pay a total of $15,000.00 to the Receiver in settlement. *Id.* at ¶ 7, Ex. 1.

### III. DISCUSSION

A federal equity receiver's power to compromise claims is subject to court approval. As noted by the Ninth Circuit Court of Appeals in *SEC v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986), "[a] district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad." With regard to settlements entered into by a federal equity receiver, the Court's supervisory role includes

reviewing and approving those settlements in light of federal court policy to promote settlements before trial. See Fed. R. Civ. P. 16(c), Advisory Committee Notes.

Federal courts of equity often look to bankruptcy law for guidance in the administration of receivership estates. See *SEC v. Capital Consultants, LLC*, 397 F.3d 733, 745 (9th Cir. 2005); *SEC v. American Capital Investments, Inc.*, 98 F.3d 1133, 1140 (9th Cir. 1996); *SEC v. Basic Energy & Affiliated Resources*, 273 F.3d 657, 665 (6th Cir. 2001); see also Local Civil Rule 66-8 ("a receiver shall administer the estate as nearly as possible in accordance with the practice in the administration of estates in bankruptcy"). A bankruptcy court may approve a compromise of claims asserted by or against the estate if the compromise is "fair and equitable." *Woodson v. Fireman's Fund Insurance Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988). The approval of a proposed compromise negotiated by a court appointed fiduciary "is an exercise of discretion that should not be overturned except in cases of abuse leading to a result that is neither in the best interest of the estate nor fair and equitable for the creditors." *In re MGS Marketing*, 111 B.R. 264, 266 67 (B.A.P. 9th Cir. 1990).

The Court has great latitude in approving compromises. In passing on the proposed compromise, the Court should consider the following:

a. The probability of success in litigation;
b. The difficulties, if any, to be encountered in the matter of collection;
c. The complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending; and
d. The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Woodson*, 839 F.2d at 620.

Here, the Receiver has weighed the costs and likely benefit of continuing the action against Mr. Moskowitz and enforcing a judgment therefrom. While the

Receiver is confident he would ultimately prevail in the action, pursuit of discovery and judgment would involve considerable expense for the receivership estate, and the collectability of any judgment against Mr. Moskowitz remains a primary concern. As stated above, Mr. Moskowitz has very limited assets and negative monthly income. Therefore, it is unlikely the Receiver would be able to collect more from a judgment than what Mr. Moskowitz has agreed to pay pursuant to the Settlement Agreement, and the expenses of obtaining and enforcing a judgment could even exceed the ultimate recovery. The Settlement Agreement, on the other hand, generates an immediate $15,000.00 for the receivership estate without further litigation or expense. Accordingly, the Receiver believes the Settlement Agreement is in the best interests of the receivership estate, and therefore asks that it be approved.

## IV.   CONCLUSION

For the foregoing reasons, the Receiver requests an order approving the Settlement Agreement.

Dated:  January 13, 2017

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
DAVID R. ZARO
EDWARD G. FATES
TIM C. HSU

By:   /s/ *Tim C. Hsu*
       TIM C. HSU
       Attorneys for Receiver
       WILLIAM J. HOFFMAN