ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
DAVID R. ZARO (BAR NO. 124334)
TIM C. HSU (BAR NO. 279208)
865 South Figueroa Street, Suite 2800
Los Angeles, California 90017-2543
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: dzaro@allenmatkins.com
        thsu@allenmatkins.com

EDWARD G. FATES (BAR NO. 227809)
501 West Broadway, 15th Floor
San Diego, California 92101-3541
Phone: (619) 233-1155
Fax: (619) 233-1158
E-Mail: tfates@allenmatkins.com

Attorneys for Receiver
WILLIAM J. HOFFMAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> NATIONWIDE AUTOMATED SYSTEMS, INC.; JOEL GILLIS; and EDWARD WISHNER, <br><br> Defendants, <br><br> OASIS STUDIO RENTALS, LLC; OASIS STUDIO RENTALS #2, LLC; and OASIS STUDIO RENTALS #3, LLC <br><br> Relief Defendants. | Case No. CV-14-07249-SJO (FFMx) <br><br> DECLARATION OF AARON J. KUDLA IN SUPPORT OF MOTION FOR APPROVAL OF SETTLEMENT WITH RON L. MOSKOWITZ AND RLM FINANCIAL SERVICES, INC. <br><br> Date: February 13, 2017 <br> Time: 10:00 a.m. <br> Ctrm: 10C, 10th Floor <br> Judge: Hon. S. James Otero |

# DECLARATION OF AARON J. KUDLA

I, Aaron J. Kudla, declare:

1. I am a Certified Public Accountant and attorney at Trigild, Inc., the company of William Hoffman ("Receiver"), the Court-appointed receiver for Defendant Nationwide Automated Systems, Inc. ("NASI"), Relief Defendants Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, and Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates ("Receivership Entities"). I make this declaration in support of the Receiver's Motion for Approval of Settlement with Ron L. Moskowitz and his company RLM Financial Services, Inc. I have personal knowledge of the facts stated herein, and if called upon to do so, I could and would personally and competently testify to them.

2. In connection with my review and analysis of business and other records relating to the Receivership Entities, I determined that investor Ron L. Moskowitz, received transfers from the Receivership Entities in excess of amounts paid to the Receivership Entities. Including transfers he received through payments to his company, Mr. Moskowitz received a net profit of $189,279.33.

3. On or about June 28, 2016, I mailed a demand letter to Mr. Moskowitz, stating the amount of profit he received and giving him the option to settle the matter without litigation for 70% of that amount. He did not accept the offer and the Receiver filed a company against Mr. Moskowitz and his company on September 1, 2016, seeking disgorgement of the net profit he received.

4. After the complaint against Mr. Moskowitz was filed, Mr. Moskowitz, through his retained counsel, indicated his wish to settle the claims against him and his company on the basis of a financial hardship. Mr. Moskowitz submitted his financial hardship application along with extensive financial documentation demonstrating his limited net worth, assets, and income, and requested the Receiver review his financial condition to determine if an exception to the Court-approved settlement parameters was warranted.

5. I reviewed Mr. Moskowitz's financial hardship application on behalf of the Receiver. As reflected in the records submitted in support of the hardship application, Mr. Moskowitz is unable to work, has very limited income derived almost exclusively from rental income earned on property that has since been sold, and his net monthly income is negative. Mr. Moskowitz also has almost no assets of any value other than proceeds received recently from the sale of his property.

6. Based on Mr. Moskowitz financial hardship application, and on behalf of the Receiver, I determined that Mr. Moskowitz would be unable to satisfy a judgment in the amount of the profits he received. Therefore, and after weighing the anticipated costs associated with pursuing the pending action to judgment and seeking collection—which may not yield more net benefit to the estate than the amount Mr. Moskowitz will pay pursuant to the terms of his settlement—I determined on behalf of the Receiver that a reduced settlement outside the Court approved settlement parameters is reasonable and appropriate given Mr. Moskowitz's negative monthly income and his limited net worth and assets.

7. Accordingly, the Receiver and Mr. Moskowitz negotiated a settlement agreement ("Settlement Agreement"). Under the terms of the Settlement Agreement, Mr. Moskowitz agrees to pay a total of $15,000.00 to the Receiver in settlement. A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit 1**.

8. The Receiver believes the Settlement Agreement is in the best interests of the receivership estate, and therefore asks that it be approved.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 9th day of January 2017, at San Diego, California.

AARON J. KUDLA

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1065489.01/LA

# EXHIBIT 1

## SETTLEMENT & RELEASE AGREEMENT

This SETTLEMENT & RELEASE AGREEMENT ("Agreement"), dated as of January 12, 2017, is made by and between WILLIAM HOFFMAN of Trigild, Inc. ("**Receiver**"), in his capacity as Court-appointed permanent receiver for NATIONWIDE AUTOMATED SYSTEMS, INC., and its subsidiaries and affiliates, on the one hand, and RON L. MOSKOWITZ ("**Ron Moskowitz**"), an individual, and RLM FINANCIAL SERVICES, INC. ("**RLM**"), an California Corporation, on the other hand (Ron Moskowitz and RLM are together referred to herein as "**Transferee**").

### RECITALS

A. On September 17, 2014, the Securities and Exchange Commission ("**Commission**") filed a Complaint in the United States District Court for the Central District of California ("**District Court**") against Defendants Nationwide Automated Systems, Inc. ("**NASI**"), Joel Gillis and Edward Wishner. Concurrently with filing the Complaint, the Commission filed an Ex Parte Application for a Temporary Restraining Order ("**TRO**"), including the appointment of a temporary receiver for NASI, its subsidiaries and affiliates ("**Receivership Entities**").

B. The District Court granted the Ex Parte Application and entered the TRO on September 30, 2014, including appointment of the Receiver on a temporary basis. On October 29, 2014, the Court entered a Preliminary Injunction Order, including appointment of the Receiver on a permanent basis.

C. On September 1, 2016, the Receiver filed a Complaint for Fraudulent Transfer in the action styled as *William J. Hoffman, Court-appointed permanent receiver for Nationwide Automated Systems, Inc., Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, and Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates v. Ron L. Moskowitz, et al.*, Case No. BC632616, Superior Court of California, County of Los Angeles (the "**Action**").

D. The Receiver alleges in the Action that during the last seven years, Transferee received payments from the Receivership Entities in the amount of $388,279.33 ("**Transfers**"), of which **$189,279.33** ("**Profit Amount**") was received directly or indirectly by Transferee in excess of any amounts paid or value provided to the Receivership Entities. The Receiver has asserted claims against Transferee for return of the Profit Amount as representing one or more fraudulent transfers under the California Uniform Voidable Transactions Act. Transferee has disputed the Receiver's claims.

E. Upon a determination by the Receiver that the Transferee qualifies for a financial hardship, the Receiver and Transferee have agreed to settle and resolve all disputes, and release all claims arising from the transfers from the Receivership Entities to Transferee under the terms and conditions provided herein.

### AGREEMENT

NOW, THEREFORE, in consideration of the covenants and conditions hereinafter contained, and for other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged the undersigned agree as follows:

EXHIBIT 1
PAGE 3

1. Court Approval. All aspects of this Agreement are subject to approval by the District Court by way of an order approving this Agreement ("**Court Approval**"). The Receiver will promptly seek Court Approval upon execution of this Agreement by all parties.

2. Payment. Transferee shall pay $15,000.00 to the Receiver within five (5) business days of Court Approval. Payment shall be made payable to: **Receiver Over NASI**.

3. Dismissal. Within five (5) business days of the Receiver's receipt of the payment due under Section 2 above, the Receiver shall file a Voluntary Dismissal of the Action, with prejudice.

4. Mutual Release. On the condition that the payment due under Section 2 above has been fully made and effective only upon satisfaction of such condition, the Receiver, on the one hand, and Transferee on the other hand, and each of them, for themselves, the Receivership Entities, their agents, employees, partners, directors, officers, successors and assigns, forever, irrevocably and unconditionally release and discharge one another, and their respective officers, directors, representatives, heirs, executors, administrators, receivers, successors, assigns, predecessors, agents, attorneys and employees, of and from any and all claims, demands, debts, obligations, liabilities, costs, expenses, rights of action, causes of action, awards and judgments arising from the Transfers, all of which are hereinafter called, "**Released Claims**."

The Receiver and Transferee acknowledges and agrees that the Released Claims may include claims of every nature and kind whatsoever, whether known or unknown, suspected or unsuspected and further acknowledge that they may be presently unknown or unsuspected, and may be based upon hereafter discovered facts different from, or in addition to, those which they now know, or believe to be true. Nevertheless, the parties agree that the foregoing release shall be and remain effective in all respects, notwithstanding such different or additional facts, or the discovery thereof, and further hereby expressly waive and relinquish any and all rights provided in California Civil Code Section 1542 which provides as follows:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

The Receiver and Transferee expressly waive and release any rights and benefits that they have or may have under any similar law or rule of any other jurisdiction pertaining to the matters released herein. It is the intention of the parties through this Agreement and with the advice of counsel to fully, finally and forever settle and release the claims and disputes existing between them as provided herein, known or unknown. The releases herein given shall be and remain in effect as full and complete releases of all such matters notwithstanding the discovery of any additional claims or facts relating thereto.

5. Voluntary Signing. Each of the parties to this Agreement has executed this Agreement without any duress or undue influence.

6. Independent Counsel. Each of the parties acknowledge and agree that it has been represented by independent counsel of its own choice throughout all negotiations which preceded the execution of this Agreement, that it has executed and approved of this Agreement after

consultation with said counsel, and that it shall not deny the validity of this Agreement on the ground that such party did not have the advice of legal counsel.

7. Governing Law and Venue. This Agreement shall in all respects be interpreted, enforced, and governed by and under the laws of California, and Federal Equity Receivership law, and subject to the exclusive jurisdiction of the United States District Court, Central District of California..

8. Waiver/Amendment. No breach of any provision of this Agreement can be waived unless in writing. Waiver of any one breach of any provision of this Agreement is not a waiver of any other breach of the same or of any other provision of this Agreement. Amendment of this Agreement may be made only by written agreement signed by the parties.

9. Fax and Counterparts. This Agreement may be executed by fax and/or in counterparts and, if so executed, each fax and/or counterpart shall have the full force and effect of an original.

10. Attorneys' Fees and Costs. The parties hereto shall each bear their own costs and attorneys' fees incurred in connection with the negotiation and documentation of this Agreement, and the parties' efforts to obtain District Court approval thereof. If any proceeding, action, suit or claim is undertaken to interpret or enforce this Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and costs incurred in connection with such dispute

11. No Assignment. The parties represent that they have not assigned, transferred, or purported to assign or transfer to any person or entity any claims, demands, liabilities, damages, actions or causes, suits and/or controversies of any kind and every nature that are released herein, and no other person or entity has any interest in any claims, demands, liabilities, damages, actions or causes, suits and/or controversies of any kind and every nature that are released herein.

12. Non-Admission of Liability. The Agreement does not constitute, nor shall it be construed as, an admission or concession by any of the parties for any purpose. By executing this Agreement, none of the parties admits wrongdoing, liability or fault in connection with, nor to the merit of, the Action, or the allegations asserted therein.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

EXHIBIT 1
PAGE 5

13. <u>Notices</u>. Notices to be provided hereunder shall be effective if sent to the following:

To Transferee:

Ron L. Moskowitz
RLM Financial Services, Inc.
c/o Daniel R. Schimizzi, Esq.
707 Grant Street, Suite 2200
Pittsburgh, PA 15219

To the Receiver:

William Hoffman, Receiver
c/o Allen Matkins
501 W. Broadway, 15th Floor
San Diego, CA 92101
Attn: Ted Fates, Esq.

RON L. MOSKOWITZ:

By: _____
RON L. MOSKOWITZ

RLM FINANCIAL SERVICES, INC.:

By: _____
RON L. MOSKOWITZ, its authorized
representative

WILLIAM HOFFMAN OF TRIGILD, INC.,
COURT-APPOINTED PERMANENT RECEIVER
FOR NATIONWIDE AUTOMATED SYSTEMS,
INC., AND ITS SUBSIDIARIES AND
AFFILIATES

By: _____
WILLIAM HOFFMAN, Receiver

-4-

EXHIBIT 1
PAGE 6