ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
DAVID R. ZARO (BAR NO. 124334)
TIM C. HSU (BAR NO. 279208)
865 South Figueroa Street, Suite 2800
Los Angeles, California 90017-2543
Phone: (213) 622-5555
Fax:  (213) 620-8816
E-Mail: dzaro@allenmatkins.com
         thsu@allenmatkins.com

EDWARD G. FATES (BAR NO. 227809)
501 West Broadway, 15th Floor
San Diego, California 92101-3541
Phone: (619) 233-1155
Fax:  (619) 233-1158
E-Mail: tfates@allenmatkins.com

Attorneys for Receiver
WILLIAM J. HOFFMAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>NATIONWIDE AUTOMATED SYSTEMS, INC.; JOEL GILLIS; and EDWARD WISHNER,<br><br>  Defendants,<br><br>OASIS STUDIO RENTALS, LLC; OASIS STUDIO RENTALS #2, LLC; and OASIS STUDIO RENTALS #3, LLC<br><br>  Relief Defendants. | Case No. CV-14-07249-SJO (FFMx)<br><br>NOTICE OF MOTION AND MOTION FOR APPROVAL OF SETTLEMENT WITH ANDREW BLAINE MILLER AND THE ANDREW BLAINE MILLER TRUST; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date:  April 10, 2017<br>Time:  10:00 a.m.<br>Ctrm:  10C, 10th Floor<br>Judge: Hon. S. James Otero |

**TO ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that on April 10, 2017, at 10:00 a.m. in Courtroom 10C of the above-entitled Court, located at 350 West 1st Street, Los Angeles, California 90012, William J. Hoffman of Trigild, Inc. ("Receiver"), the Court-appointed permanent receiver for Nationwide Automated Systems, Inc. ("NASI"), Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates ("Receivership Entities"), will and hereby does move the Court for an order approving a settlement agreement with Andrew Blaine Miller and the Andrew Blaine Miller Trust ("Motion").

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Aaron J. Kudla, the documents and pleadings already on file in this action, and upon such further oral and documentary evidence as may be presented at the time of the hearing.

**Procedural Requirements:** If you oppose this Motion, you are required to file your written opposition and serve the same on the undersigned no later than 21 calendar days prior to the hearing. If filing in paper format or exempted from electronic filing, the filing must be submitted with the Office of the Clerk, United States District Court, at 312 North Spring Street, Los Angeles, California 90012

IF YOU FAIL TO FILE AND SERVE A WRITTEN OPPOSITION by the above date, the Court may grant the requested relief without further notice. This motion is made following conference of counsel pursuant to Local Rule 7-3.

Dated: March 7, 2017

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
DAVID R. ZARO
EDWARD G. FATES
TIM C. HSU

By: /s/ *Tim C. Hsu*
TIM C. HSU
Attorneys for Receiver
WILLIAM J. HOFFMAN

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

1070673.02/LA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Receiver seeks approval of a settlement with net winner Andrew Blaine Miller and the Andrew Blaine Miller Trust. Mr. Miller, in his individual capacity and his capacity as Trustee of the Andrew Baine Miller Trust, directly and indirectly received profits from the NASI Ponzi scheme in the total amount of $60,390.00, but has requested and submitted an application for a reduced settlement on the basis of financial hardship.

The Receiver has reviewed the financial hardship application submitted by Mr. Miller, which reveals that he is unable to pay the full amount of profits he received and has limited income and assets such that an reduced settlement on the basis of hardship is warranted. The parties have since negotiated terms and entered into a settlement agreement, subject to Court approval, pursuant to which Mr. Miller will pay $40,000.00 to the receivership in total, with payment to be made through an immediate, initial payment of $20,000 and twelve equal monthly payments of $1,666.66 each. The Receiver believes the proposed settlement, which generates an immediate cash recovery for the receivership of $20,000.00 and an additional $20,000.00 over the course of twelve months, is in the best interests of the receivership estate, and therefore requests the settlement be approved.

## II. BACKGROUND FACTS

### A. The Receiver's Appointment And Authority To Pursue Net Winners.

On September 17, 2014, the Securities and Exchange Commission ("Commission") filed a complaint against Defendants Nationwide Automated Systems, Inc. ("NASI"), Joel Gillis and Edward Wishner ("SEC Complaint"). The SEC alleges NASI raised money from investors by selling them Automated Teller Machines ("ATMs"), leasing the ATMs back from investors, managing the ATMs for the investors, and paying the investors "rents" that were guaranteed to total at

least 20% of the purchase price paid for the ATMs per year. Dkt. No. 3. In actuality, NASI did not sell any ATMs to investors, but instead fabricated and sold fictitious ATMs with fabricated serial numbers and locations. *Id.* The "rents" paid to investors who purchased fictitious ATMs, as well as referral fees paid to investors and agents, were paid from the amounts raised from other investors. *Id.*

On September 30, 2014, the Court appointed the Receiver as temporary receiver over NASI, its subsidiaries and affiliates ("Receivership Entities"). Dkt. No. 17. On October 29, 2014, the Court entered a Preliminary Injunction Order, making the Receiver's appointment permanent. Dkt. No. 42. Among other things, the orders "authorize[], empower[] and direct[]" the Receiver to investigate, recover, and marshal for the benefit of creditors and investors of the Receivership Entities any and all assets of the receivership estate. *Id.*

On March 17, 2015, the Receiver moved for authority to pursue clawback claims against, among others, investors who profited from NASI's investment scheme ("Net Winners"). Dkt. No. 64. The motion ("Clawback Procedures Motion") included a request that the Receiver be authorized to settle clawback claims for 70% of the net profit received by each Net Winner (or 75% if the Net Winner elects to pay in 12 monthly installments). *Id.* On April 21, 2015, the Court granted the Clawback Procedures Motion. Dkt. No. 72.

### B. The Hardship Application And Settlement Terms.

The Receiver completed his accounting of transfers to Mr. Miller and his trust and determined they together received transfers from the Receivership Entities in excess of any amounts paid or value provided to the Receivership Entities. Declaration of Aaron J. Kudla ("Kudla Decl.") at ¶ 2. The total amount of net profit paid to Mr. Miller and his trust is $60,390.00. *Id.*

Pursuant to the Court's order approving the Clawback Procedures Motion, the Receiver mailed a demand letter on July 21, 2016 to Mr. Miller stating the amount of profit and providing the option to settle the matter without litigation for 70% of

that amount. *Id.* at ¶ 3. Mr. Miller did not accept the offer but, through counsel, indicated his desire to settle the claims against him on the basis of a financial hardship. *Id.* For this purpose, Mr. Miller submitted a financial hardship application along with extensive financial documentation demonstrating his limited net worth, assets, and income, and requested the Receiver review his financial condition to determine if an exception to the Court-approved settlement parameters was warranted. *Id.* at ¶ 4. As reflected in the information submitted, Mr. Miller has had very little to no income since 2012, is in his sixties and will soon retire from his profession as a massage therapist, and other than retirement savings, Mr. Miller does not have much in the way of other assets against which the Receiver may pursue any significant recovery. *Id.* at ¶ 5.

Based on the above, and after weighing the anticipated costs associated with pursuing any legal action for judgment and seeking collection—which may not yield more net benefit to the estate than the amount Mr. Miller will pay pursuant to the terms of the settlement—the Receiver determined that a reduced settlement with Mr. Miller is appropriate given his very limited income and the lack of any significant assets against which recovery may be pursued. *Id.* at ¶ 6.

Accordingly, the Receiver and Mr. Miller negotiated and entered into a settlement agreement ("Settlement Agreement"), subject to Court approval, pursuant to which Mr. Miller agrees to pay a total of $40,000.00 to the Receiver in settlement, with an immediate, initial payment of $20,000.00 and twelve equal monthly payments of $1,666.66 each. *Id.* at ¶ 7, Ex. 1.

### III.   DISCUSSION

A federal equity receiver's power to compromise claims is subject to court approval. As noted by the Ninth Circuit Court of Appeals in *SEC v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986), "[a] district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad." With regard to settlements

entered into by a federal equity receiver, the Court's supervisory role includes reviewing and approving those settlements in light of federal court policy to promote settlements before trial. See Fed. R. Civ. P. 16(c), Advisory Committee Notes.

Federal courts of equity often look to bankruptcy law for guidance in the administration of receivership estates. See *SEC v. Capital Consultants, LLC*, 397 F.3d 733, 745 (9th Cir. 2005); *SEC v. American Capital Investments, Inc.*, 98 F.3d 1133, 1140 (9th Cir. 1996); *SEC v. Basic Energy & Affiliated Resources*, 273 F.3d 657, 665 (6th Cir. 2001); see also Local Civil Rule 66-8 ("a receiver shall administer the estate as nearly as possible in accordance with the practice in the administration of estates in bankruptcy"). A bankruptcy court may approve a compromise of claims asserted by or against the estate if the compromise is "fair and equitable." *Woodson v. Fireman's Fund Insurance Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988). The approval of a proposed compromise negotiated by a court appointed fiduciary "is an exercise of discretion that should not be overturned except in cases of abuse leading to a result that is neither in the best interest of the estate nor fair and equitable for the creditors." *In re MGS Marketing*, 111 B.R. 264, 266 67 (B.A.P. 9th Cir. 1990).

The Court has great latitude in approving compromises. In passing on the proposed compromise, the Court should consider the following:

   a.   The probability of success in litigation;
   b.   The difficulties, if any, to be encountered in the matter of collection;
   c.   The complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending; and
   d.   The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Woodson*, 839 F.2d at 620.

Here, the Receiver has weighed the costs and likely benefit of pursuing legal action against Mr. Miller and enforcing a judgment therefrom. While the Receiver is confident he would ultimately prevail such an action, pursuit of discovery and judgment would involve considerable expense for the receivership estate, and the collectability of any judgment against Mr. Miller remains a primary concern given his limited income and assets. As stated above, Mr. Miller has very limited monthly income and a limited amount of other assets against which the Receiver may pursue any significant recovery. Therefore, it is unlikely the Receiver would be able to collect more from a judgment than what Mr. Miller has agreed to pay pursuant to the Settlement Agreement, and the expenses of obtaining and enforcing a judgment could even exceed the ultimate recovery. The Settlement Agreement, on the other hand, generates a recovery of $40,000.00 in total for the receivership estate without litigation or further expense. Accordingly, the Receiver believes the Settlement Agreement is in the best interests of the receivership estate, and therefore asks that it be approved.

## IV. CONCLUSION

For the foregoing reasons, the Receiver requests an order approving the Settlement Agreement.

Dated: March 7, 2017

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
DAVID R. ZARO
EDWARD G. FATES
TIM C. HSU

By: /s/ *Tim C. Hsu*
TIM C. HSU
Attorneys for Receiver
WILLIAM J. HOFFMAN